**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**SHERRY SHEFFIELD DAVIS**                                               **PLAINTIFF**

**V.**                                                                                      **NO. 1:23-CV-8-DMB-RP**

**BNSF RAILWAY COMPANY, et al.**                                    **DEFENDANTS**

## <u>ORDER</u>

On December 21, 2022, Sherry Sheffield Davis, as "guardian and next friend of Elizabeth Ann Sheffield, a minor, sole wrongful death beneficiary of Robert Sheffield, Sharon Sheffield and Max Sheffield, deceased," filed a complaint in the Circuit Court of Lee County, Mississippi against BNSF Railway Company, Town of Sherman, Mississippi, and John Does 1-10.  Doc. #1-1 at PageID 11–17.  The complaint alleged various state law claims arising from when a BNSF train crashed into a vehicle occupied by Robert, Sharon, Max, and Elizabeth, which resulted in the death of Robert, Sharon, and Max, and caused Elizabeth severe injuries.  *Id.*  Davis filed a first amended complaint on December 29, 2022,[1] *id.* at PageID 22–28, and a second amended complaint on January 6, 2023,[2] Doc. #2.

BNSF, invoking diversity jurisdiction, removed the case to the United States District Court for the Northern District of Mississippi on January 11, 2023.  Doc. #1.  The notice of removal alleges that Davis is "a citizen of Mississippi;" BNSF is "a foreign corporation, and was not and is not a citizen of Mississippi;" "the other named defendant, Town of Sherman, Mississippi … is a citizen of Mississippi, [but] is fraudulently joined in this lawsuit for the purpose of defeating

---

[1] The first amended complaint contained the same substantive claims against the same defendants but added additional capacities in which Davis brought the claims, modified the underlying facts, and included new exhibits.

[2] The second amended complaint modified the capacities in which Davis brings the claims and also the underlying facts.

federal diversity jurisdiction;" and the amount in controversy exceeds $75,000.00 because Davis seeks "damages for wrongful death, personal injuries, pain and suffering, medical bills, future medical bills, permanent impairment, both physically and mentally, loss of enjoyment of life, loss of earning capacity, funeral bills, and other damages." *Id.* at 3.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Diversity jurisdiction requires that there be (1) complete diversity between the parties and (2) an amount in controversy more than $75,000. 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Complete diversity requires that "all persons on one side of the controversy … be citizens of different states than all persons on the other side." *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 281 (5th Cir. 2020). To allege the citizenship of a corporation, a party must "set out the principal place of business of the corporation as well as the state of its incorporation." *Id.* at 282.

Here, the notice of removal fails to identify BNSF's principal place of business or its state of incorporation[3] and so fails to adequately allege BNSF's citizenship for diversity purposes. Accordingly, within seven (7) days of this order, BNSF, as the party asserting jurisdiction, is **ORDERED TO SHOW CAUSE** why this case should not be remanded to the Circuit Court of Lee County and, if jurisdiction can be properly established, BNSF may within the same time period file an amendment to the notice of removal pursuant to 28 U.S.C. § 1653 only to cure the deficient allegations of citizenship.[4]

---

[3] A "negative allegation is not a distinct and affirmative allegation of citizenship" as required to establish diversity. *Tubwell v. Specialized Loan Serv. LLC*, No. 3:17-cv-15, 2017 WL 1450598, at *3 (N.D. Miss. Apr. 12, 2017); *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (allegation that defendant was not a citizen of particular states did not establish citizenship for diversity purposes).

[4] The Court expresses no opinion at this time as to whether the Town of Sherman is "fraudulently joined" for diversity purposes.

**SO ORDERED**, this 13th day of January, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**